UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| **MARVIN GODFREY** | * | **CIVIL ACTION NO. 16-1108** |
| **VERSUS** | * | **JUDGE S. MAURICE HICKS, JR.** |
| **TAS ENVIRONMENTAL SERVICES, L.P., ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

On July 28, 2016, defendant, TAS Environmental Services, L.P., ("TAS") removed this matter to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. In response to court order, TAS filed an amended notice of removal and memorandum in an attempt to redress its deficient jurisdictional allegations. *See* doc. #s 11-13. On September 23, 2016, however, the court notified TAS that its amended notice of removal remained deficient. (Sept. 23, 2016, Order [doc. # 14]). Accordingly, the court again granted TAS leave of court to file an amended notice of removal within the next seven days to establish citizenship of the parties for purposes of diversity. *Id*. The court cautioned TAS that if it failed to comply, or if subject matter jurisdiction was found to be lacking, then the matter would be remanded to state court. *Id*. The foregoing period has since passed, with no response from removing defendant.

### Law and Analysis

Federal law authorizes a defendant to remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . ." 28 U.S.C. § 1441(a). "The removing party bears the burden of showing that federal jurisdiction exists." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995) (citing *Gaitor v.*

*Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253-54 (5th Cir. 1961)). Because federal courts are courts of limited jurisdiction, a suit is presumed to lie outside this limited jurisdiction unless and until the party invoking federal jurisdiction establishes to the contrary. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citation omitted).

Here, defendant invoked this court's original jurisdiction, via diversity, which requires complete diversity of citizenship between the adverse parties and an amount in controversy greater than $75,000. 28 U.S.C. § 1332(a). Removing defendant has not satisfied the former requirement.

The citizenship of a limited partnership is determined by the citizenship of all its partners. *Carden v. Arkoma Associates*, 494 U.S. 185, 195, 110 S. Ct. 1015, 1021 (1990). Similarly, the citizenship of a limited liability company ("LLC") is determined by the citizenship of all of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Moreover, for each member of an LLC that is itself an LLC or partnership, its members and their citizenship must be identified and traced up the chain of ownership **until one reaches only individuals and/or corporations**. *Lewis v. Allied Bronze, LLC*, 2007 WL 1299251 (E.D. N.Y. May 2, 2007); *see also Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009) (suggesting that to discern the citizenship of an LLC, the court must trace citizenship "down the various organizational layers"); *Feaster v. Grey Wolf Drilling Co.*, 2007 WL 3146363, *1 (W.D. La. Oct. 25, 2007) ("citizenship must be traced through however many layers of members or partners there may be").

In this case, the amended notice of removal does not set forth the partners and members (and their citizenship) for each limited partnership and limited liability company that comprise

TAS. *See* Amend. Notice of Removal [doc. # 12]; *Illinois Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n2 (5th Cir.1983) (the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference).

In the absence of requisite allegations of citizenship, the record fails to establish diversity jurisdiction. Where, as here, the court has accorded the side invoking federal jurisdiction the opportunity to amend its pleadings to allege diversity jurisdiction, but it fails to do so, dismissal (remand here) is warranted. *Patterson v. Patterson*, 808 F.2d 357, 358 (5th Cir. 1986).

## Conclusion

For the foregoing reasons, the undersigned finds that removing defendant has not satisfied its burden of establishing federal subject matter jurisdiction. *Howery, supra*; 28 U.S.C. § 1332. Remand is required. 28 U.S.C. § 1447(c).[1] Accordingly,

IT IS RECOMMENDED that the instant case be remanded to the 1st Judicial District Court for the Parish of Caddo, State of Louisiana, whence it was removed. 28 U.S.C. § 1447(c).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at

---

[1] Federal courts are obliged to examine the basis for the exercise of federal subject matter jurisdiction. *Smith v. Texas Children's Hospital*, 172 F.3d 923, 925 (5th Cir. 1999). A lack of subject matter jurisdiction may be raised at any time. *Giles v. Nylcare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999). Furthermore, a court must raise the issue *sua sponte* if it discovers it lacks subject matter jurisdiction. *Id.* Indeed, 28 U.S.C. § 1447(c) provides that, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 3rd day of October 2016.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE